## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 20 2020, 10:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dacota Hughes,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 20, 2020

Court of Appeals Case No.
19A-CR-2285

Appeal from the Vigo Superior
Court

The Honorable Sarah K. Mullican,
Judge

Trial Court Cause No.
84D03-1609-F3-2644

**Bailey, Judge.**

# Case Summary

Dacota Hughes ("Hughes") appeals an order of the trial court that revoked his probation and ordered him to serve the balance of his previously suspended sentence. He presents the issue of whether the trial court abused its discretion when it ordered him to serve the balance of his sentence. We affirm.

# Facts and Procedural History

Hughes pled guilty to attempted robbery as a Level 5 felony. He was sentenced to six years, with three of those years executed and three suspended to probation. As ordered, on January 4, 2019, Hughes was released and placed on probation. He attended his first probation meeting but thereafter failed to appear. Based upon this violation, the State filed a petition to revoke.

The trial court conducted a hearing on this petition and found Hughes in violation and revoked his probation. The court ordered Hughes to serve the suspended portion of his sentence. Hughes now appeals.

# Discussion and Decision

Probation may be revoked where: (1) the person violated a condition of the probation during the probationary period; and (2) the petition to revoke probation was filed during the probationary period or before the earlier of one year after termination of probation or forty-five days after the state receives notification. *See* Ind. Code § 35-38-2-3(a). Hughes does not challenge the

timing of the State's petition to revoke; rather, he contends that the trial court abused its discretion by ordering that he serve the balance of his suspended sentence.

[5] Where the court finds a person has violated a condition of probation, the court may: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than (1) year beyond the original probationary period; or (3) order the execution of all or part of the sentence that was suspended at the time of initial sentencing. *See* I.C. § 35-38-2-3(h).[1] Trial courts enjoy broad discretion in adjudicating a probation violation. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). We review that decision only for an abuse of discretion, which occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Id.* It is well within the trial court's discretion to determine the conditions of probation and revoke it if the conditions are violated. *Id.* When a trial court exercises its grace by ordering probation rather than incarceration, the judge has considerable leeway in deciding how to proceed. *Id.*

[6] Hughes violated a condition of his probation soon after it began by failing to attend his meetings with the probation officer. Moreover, Hughes has a history of violating probation. In 2010, Hughes was convicted of intimidation and criminal mischief and was sentenced to one and one-half years on probation.

---

[1] Unlike a juvenile justice matter, there is no requirement upon the judge to consider the least restrictive placement.

In that case, Hughes violated his probation, served sixty-four days in jail, and was then placed back on probation, which he later violated a second time. In his adult life, Hughes has been placed on probation five separate times and has incurred numerous violations. Ultimately, in the bulk of these placements, Hughes completed his sentence without satisfactorily completing the terms of his probation.

[7] Hughes has a history of probation violations. He has repeatedly demonstrated his contempt for the grace bestowed upon him by the court. Here, he has failed once again to successfully comply with the terms of his probation. We cannot say that the trial court's decision was clearly against the logic and effect of the facts and circumstances. To the contrary, the trial court acted well within its discretion to order Hughes to serve the remainder of his previously suspended sentence.

[8] Affirmed.

Kirsch, J., and Mathias, J., concur.